MICHAEL J. HADDAD (SBN 189114)
JULIA SHERWIN (SBN 189268)
T. KENNEDY HELM (SBN 282319)
MAYA SORENSEN (SBN 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, CA 94612
Telephone:   (510) 452-5500
Facsimile:   (510) 452-5510

SANJAY S. SCHMIDT (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Telephone:   (415) 563-8583
Facsimile:   (415) 223-9717

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY LAPACHET,<br><br>         Plaintiff,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., LANI ANTONIO, P.A., VERONICA BERGHORST, R.N., JESSAMAE TRINIDAD, R.N., GRASHIKA DEVENDRA, Psychiatric R.N., TABITHA KING, L.V.N., AMARDEEP TAWANA, L.V.N., JUDITH ALEJANDRE, L.V.N. COUNTY OF STANISLAUS, a municipal corporation, Stanislaus County Sheriff ADAM CHRISTIANSON, and DOES 1-50, Jointly and Severally,<br><br>         Defendants. | Case No. 4:16-cv-06959-HSG<br><br>**STIPULATION AND [PROPOSED] ORDER RE: RESCINDING SCHEDULING ORDER FOR CASE ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE II & III (Dkts. 4 & 31)** |

No. 4:16-CV-06959-HSG: STIPULATION & [PROPOSED] ORDER RE: ADA SCHEDULING ORDER

# STIPULATION

The parties, by and through their respective attorneys of record, hereby respectfully stipulate and agree as follows:

1. Whereas, on December 6, 2016, a "Scheduling Order for Cases Asserting Denial of Right of Access Under Americans With Disabilities Act Title II & III (42 U.S.C. §§ 12131-89)" (hereafter "Scheduling Order") was issued in the instant action, Dkt. 4, presumably due to the inclusion of claims under Title II and Title III of the ADA in the Fifth Cause of Action of the Complaint. Dkt. 1 at 42:9-45:9.

2. The Scheduling Order sets forth a series of successive dates. *See* Dkt. 4 at 1:24-2:8.

3. On February 23, 2017, this Court signed Granted a Stipulation and Proposed Order previously submitted by the parties, which extended the original deadline of **March 17, 2017** for the parties and counsel to hold the joint inspection of premises to **June 9, 2017**. All of the other preceding and subsequent deadlines that were tied to the March 17, 2017 deadline were correspondingly extended. Dkt. 32 at 4.

4. Although there are Title II and III claims at issue in the instant case, the crux of these claims is different than more common ADA claims, which expressly and exclusively concern the physical condition of property. The claims here concern acts and omissions, as set forth more fully in the Complaint. Dkt. 1 at 42:9-45:9. This case does not concern a controversy surrounding physical barriers or physical access.

5. Due to the fact that discovery has not commenced, the parties have concluded that it would be premature to hold an inspection at the present time, even if Initial Disclosures under Rule 26(a)(1) are made; the parties all agree that it would be premature and inefficient to hold a joint inspection at this early stage.

6. Additionally, the parties agree that the issues presented in this case are such that this case is more suitable for a normal scheduling track, as opposed to the scheduling track set forth in General Order No. 56, pursuant to which the Scheduling Order (Dkt. 4) in the instant action was issued.

7. Consequently, the parties respectfully request that this action be taken off of the scheduling track prescribed by General Order No. 56 and, instead, that it be placed on the standard track for cases not covered by General Order No. 56. The parties' understanding of the effect of this stipulation, if granted, is that all deadlines preceding and subsequent to the deadline by which to hold a joint inspection prescribed by the Scheduling Order (Dkts. 4 & 32), which currently is June 9, 2017, would be vacated.

8. The parties, nevertheless, still wish to exchange Initial Disclosures, and have designated **June 30, 2017** as the date by which Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made.

9. Based on the foregoing circumstances, the parties hereby jointly request that this matter be taken off the scheduling track prescribed by General Order 56, and that a standard scheduling order for cases not covered by General Order No. 56 be issued instead.

10. Accordingly, the parties stipulate and respectfully request that this Court enter the Order below, rescinding the Scheduling Order (Dkt. 4), as well as the Order amending the Scheduling Order (Dkt. 32), while ordering that standard orders for cases not covered by General Order No. 56 be issued, and ordering that Initial Disclosures be made on or before **June 30, 2017**.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 2, 2017          LAW OFFICE OF SANJAY S. SCHMIDT

*/s/ Sanjay S. Schmidt*
SANJAY S. SCHMIDT
Co-Counsel for Plaintiff
JEREMY LAPACHET


Dated: June 2, 2017          BERTLING & CLAUSEN, LLP

*/s/ Jemma Saunders\**
JEMMA SAUNDERS
Attorneys for Defendants CFMG, Fithian, Antonio, Berghorst, Trinidad, Devendra, King, Tawana, Alejandre


Dated: June 2, 2017          RIVERA & ASSOCIATES

*/s/ Jesse Manuel Rivera\**
JESSE MANUEL RIVERA
Attorneys for Defendants County of Stanislaus, Sheriff Adam Christianson


\*Ms. Saunders and Mr. Rivera have given their consent to file this stipulation with their electronic signatures.

No. 4:16-CV-06959-HSG: STIPULATION & [PROPOSED] ORDER RE: ADA SCHEDULING ORDER

4

**[PROPOSED] ORDER**

PURSUANT TO THE STIPULATION ABOVE, AND GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED. The Scheduling Order (Dkt. 4), as amended (Dkt. 32), shall be rescinded. Standard orders for cases not covered by General Order No. 56 will be issued forthwith. The parties shall make their Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before **June 30, 2017**.

IT IS SO ORDERED.

Dated:  6/5/2017

Hon. Haywood S. Gilliam, Jr.
UNITED STATES DISTRICT COURT

No. 4:16-CV-06959-HSG: STIPULATION & [PROPOSED] ORDER RE: ADA SCHEDULING ORDER