UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LAPACHET,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No. 16-cv-06959-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER**<br><br>Re: Dkt. Nos. 14, 20 |

On December 2, 2016, Plaintiff Jeremy Lapachet filed his complaint against the following defendants: (A) County of Stanislaus ("County") and Stanislaus County Sheriff Adam Christianson (collectively, "County Defendants"); (B) California Forensic Medical Group, Inc. ("CFMG"); Taylor Fithian, M.D.; Lani Antonio, P.A.; Veronica Berghorst, R.N.; Jessamae Trinidad, R.N.; Grashika Devendra, Psychiatric R.N.; Tabitha King, L.V.N.; Amardeep Tawana, L.V.N.; and Judith Alejandre, L.V.N. (collectively, "CFMG Defendants"); and (C) other unknown defendants ("DOES 1 through 50"). Dkt. No. 1 ("Compl."). Plaintiff asserted eight causes of action under federal and state law, including three causes of action under 42 U.S.C. § 1983. Compl. ¶¶ 73–131. He allegedly suffered grievous, life-altering injuries and became quadriplegic as a result of Defendants' acts and omissions between October 24, 2015, when he was placed in a "sobering cell" while incarcerated at the County jail, and October 26, 2015, when he was transported to the emergency room at the nearby Doctors Medical Center. *Id.* ¶¶ 25–52. For example, CFMG's nursing staff allegedly did not adequately monitor or care for Plaintiff despite his abnormal vital signs, self-harming behavior (such as striking his own head and face), and visible injuries (including bleeding from the head and hands), while County correctional officers allegedly attacked him and violently dragged him out of his cell by his head and neck. *Id.*

The County Defendants and the CFMG Defendants both filed motions to transfer the case to the Eastern District of California ("Eastern District") pursuant to 28 U.S.C. § 1404(a), which are now fully briefed. *See* Dkt. No. 14 ("County Mot."); Dkt. No. 20 ("CFMG Mot."). The Court heard arguments on April 27, 2017. The Court **GRANTS** Defendants' motions to transfer.[1]

## I. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The district court has broad discretion in deciding whether or not transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." (citation and internal quotation marks omitted)).

District courts engage in a two-step analysis for motions to transfer. First, they determine "whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (internal quotation marks omitted). If so, the courts engage in "an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) (internal quotation marks omitted). In this District, courts typically consider the following factors: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation

---

[1] In the alternative, Defendants sought to dismiss or transfer the case for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), for failure to satisfy 28 U.S.C. § 1391(b). County Mot. at 6–8; CFMG Mot. at 3–6. The Court does not reach these alternative arguments because it grants the motion to transfer under 28 U.S.C. § 1404(a).

2

with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *See, e.g.*, *Ironworks Patents LLC v. Samsung Elecs. Co.*, No. 17-cv-01958-HSG, 2017 WL 3007066, at *2 (N.D. Cal. July 14, 2017); *Perez v. Performance Food Grp., Inc.,* No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-cv-05205 YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000).[2] "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015).

## II. DISCUSSION

Here, Plaintiff does not dispute that this case could have been brought in the Eastern District. *See* Dkt. No. 33 ("Opp. I") at 10; Dkt. No. 34 ("Opp. II") at 10. The inquiry therefore focuses on the convenience and fairness factors.

Most of the factors typically considered in this District have little import here. The convenience of the Defendants' employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue. *See Martin*, 2015 WL 2124379, at *4. As to the remaining witnesses, the Court is persuaded that "the nexus of the events occurred in the Eastern District" such that "logically the majority of witnesses will be located there." *See Atayde v. Napa State Hosp.*, No. 16-cv-00038-TEH, 2016 WL 1089248, at *3 (N.D. Cal. Mar. 21, 2016). Nevertheless, if this case is transferred to the Eastern District, it will be assigned to the federal courthouse in Fresno, California, which is not substantially more or less convenient in relation to Modesto, California, where the nexus of events occurred. *See* E.D. Cal. Local Rule

---

[2] These factors are also "[c]onsistent" with Ninth Circuit precedent. *See Wilson*, 2011 WL 4345079, at *2; *see also Jones*, 211 F.3d at 498–99 (listing *examples* of factors that courts may consider).

120(d) (cases arising in Stanislaus County assigned to Fresno courthouse); Dkt. No. 33-1, Exs. E–F (reflecting similar driving times between courthouses and correctional facility where Plaintiff was injured). Thus, the convenience of the witnesses is also neutral. Moreover, courts do not typically consider the convenience of parties, like Plaintiff, who have chosen to bring a case in a forum where they do not reside. *See Perez*, 2017 WL 66874, at *3; *Brown*, 2014 WL 715082, at *4; *Arreola v. Finish Line*, No. 14-cv-03339-LHK, 2014 WL 6982571, at *9 (N.D. Cal. Dec. 9, 2014). For the majority of Defendants, the Oakland and Fresno courthouses are almost equivalently convenient, and even for Dr. Fithian, who allegedly lives and works in Monterey, California, the difference in travel times is modest. *See* Compl. ¶ 8; Dkt. No. 33-1, Ex. C–D. Therefore, the convenience of the parties is also neutral. Furthermore, the ease of access to evidence is neutral or carries minimal weight because documentary evidence can be produced electronically. *See Perez*, 2017 WL 66874, at *4; *Martin*, 2015 WL 2124379, at *5; *Brown*, 2014 WL 715082, at *5. And to the extent that the County jail must be inspected, the location is more or less equally convenient in relation to the two courthouses in question. Finally, the familiarity of each forum with the applicable law is neutral, and the feasibility of consolidation is inapplicable.[3]

Consequently, the disposition of this motion turns on weighing Plaintiff's choice of forum against the Eastern District's local interest in the controversy. As to the former, the plaintiff's choice of forum is usually given "great weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The Ninth Circuit has declared:

> In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the extent of [the parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration. *Id.*

---

[3] In the exercise of its discretion, the Court declines, for reasons of policy and pragmatism, to consider the relative court congestion and time to trial in the each forum. *See Perez*, 2017 WL 66874, at *2 n.5 ("The Court does not compare the court congestion and time of trial in the two districts because ongoing application of this doctrine could have the unintended consequence of penalizing efficiency by effectively placing more cases in the districts with the shortest time to trial. In addition, the Court is somewhat skeptical of the ability of the Court or the parties to accurately and meaningfully capture these metrics as of today, which is the only timeframe that matters for this purpose.")

4

*Id.* However, the weight of deference accorded is not a binary choice between "great weight" and "minimal consideration." The Ninth Circuit has found that "less deference" is owed to a nonresident plaintiffs' choice of forum. *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998) (citing *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990); *Pac. Car*, 403 F.2d at 954); *see also Lucas v. Daiichi Sankyo Co.*, No. C 11-0772 CW, 2011 WL 2020443, at *3 (N.D. Cal. May 24, 2011) (declaring that nonresident plaintiff's choice of forum is owed "substantially reduced" deference).[4] And courts have found that less deference is owed to the plaintiff's choice of forum where the operative facts did not occur there. *See Anderson v. County of Siskiyou*, 2011 U.S. Dist. LEXIS 41023, *7 (N.D. Cal. Jan. 11, 2011) ("The deference otherwise accorded to the plaintiff's choice of forum is further undermined by the minimal nexus between this District and the events that form the basis of the action.") (citing *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009))). In short, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (internal quotation marks and brackets omitted).

Here, considering the parties' contacts with this District, including those related to Plaintiff's claims, the Court accords substantially reduced deference to Plaintiff's choice of forum. Plaintiff does not reside in this District. *See* Dkt. Nos. 1-1, 14-1. In addition, there is a relatively minimal nexus between this District and the injuries Plaintiff suffered at the County jail between October 24, 2015 and October 26, 2015, notwithstanding Plaintiff's argument that those events were "set into motion" by policies and procedures set at CFMG's headquarters in this District. *See* Opp. I at 12; Opp. II at 12.

---

[4] Although *Gemini* and *Contact Lumber* address *forum non conveniens*, such cases are instructive for assessing motions to transfer under 28 U.S.C. § 1404(a). *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("This statute partially displaces the common law doctrine of *forum non conveniens*. Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion." (internal citations omitted)).

5

In contrast, the Eastern District has a strong local interest in deciding this controversy. Courts have recognized the particular salience of this factor in cases regarding the treatment and safety of prisoners. For example, in *Atayde*, where a prisoner had committed suicide while incarcerated in a correctional facility located in the Eastern District, the court declared that it was "in the Eastern District's interest to determine whether the jail acts with deliberate indifference to the safety of its prisoners . . . ." 2016 WL 1089248, at *4. In *Williams*, where a prisoner allegedly suffered sexual harassment, assault, abuse, and intimidation at the hands of her doctor in a prison located in the Eastern District, the court found that the Eastern District had a "strong" interest in the controversy because that is "where the alleged wrong occurred." 157 F. Supp. 2d at 1104, 1109. Moreover, the alleged existence of "a pattern of improper treatment of female inmates at [the prison]" was "undoubtedly a concern to the Eastern District." *Id.* at 1109–10. Similarly, Plaintiff's allegations raise serious concerns regarding the safety of prisoners, the quality of medical care, and the behavior of correctional officers in the County jail. The Court agrees that "citizens and taxpayers" in the Eastern District have "a strong local interest . . . [in] address[ing] the adjudication of serious allegations involving local governmental entities and personnel *in that district*." *See* County Mot. at 11 (emphasis in original).

Plaintiff's choice to file suit in this District is entitled to substantially reduced deference and is ultimately outweighed by the Eastern District's strong local interest in deciding this controversy. Therefore, Defendants have met their burden to show that the Eastern District is the more appropriate forum.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer. The Clerk is **DIRECTED** to transfer the case to the Eastern District of California, and to close the file.

**IT IS SO ORDERED.**

Dated: 9/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

6